UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PATRICK BALTAZAR, | No. 2:17-cv-1447 CKD P |
| Petitioner, | |
| v. | ORDER |
| JOHN DAGOSTINI, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

After reviewing the petition for habeas corpus, and California Supreme Court records, the court finds that petitioner has failed to exhaust state court remedies. Petitioner's claims have not

1

been presented to the California Supreme Court. Accordingly, the petition must be dismissed without prejudice.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 5, 6) is granted;

2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

3. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: November 9, 2017

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
balt1447.103

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).